IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| T5 Labs (Delaware) LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GAIKAI INC.,<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff T5 Labs (Delaware) LLC ("T5") complains and alleges as follows against Defendant Gaikai Inc. ("Gaikai"):

### THE PARTIES

1. T5 is a limited liability company organized and existing under the laws of Delaware.

2. T5 is informed and believes that Gaikai is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 65 Enterprise, Suite 200, Aliso Viejo, California 92656.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, United States Code, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction over this action under Title 28 United States Code, §§ 1331 and 1338.

4. T5 is informed and believes that this Court has personal jurisdiction over Gaikai because Gaikai is incorporated within this district, and because Gaikai has committed, and continues to commit, acts of infringement in Delaware. T5 is informed and believes that Gaikai also maintains a registered agent in Delaware, namely Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware

19808.

5. Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Gaikai has committed acts of infringement in this district and/or is deemed to reside in this district.

## THE PATENT-IN-SUIT

6. On June 19, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,203,568 ("the '568 patent"), entitled "Sharing a Graphical Processing Unit Between a Plurality of Programs." T5 is the exclusive licensee of the '568 patent and is the assignee of all causes of action and enforcement rights of any kind, including without limitation, the right to collect damages for past and future infringement and to seek injunctive relief. A true and correct copy of the '568 patent is attached as Exhibit A.

## COUNT I

## (INFRINGEMENT OF THE '568 PATENT)

7. T5 incorporates by reference herein the averments set forth in paragraphs 1 through 6 above.

8. Gaikai has and continues to infringe directly one or more claims of the '568 patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 1 of the '568 patent, at least by providing a system and methods of sharing a graphics processing unit (GPU) between a plurality of programs, *e.g.*, virtualizing multiple instances of game programs on a server with one or more shared GPUs through Gaikai's "cloud"-based gaming applications and service (also referred to by Gaikai as a "GPU cloud") in a manner that infringes the '568 patent.

9. Gaikai actively, knowingly, and intentionally induces infringement of the '568 patent by making, using, offering for sale and selling the use of Gaikai's GPU cloud with the knowledge that its customers and end users will use the Gaikai GPU cloud and with the knowledge and the specific intent to encourage and facilitate the infringing sales and uses of Gaikai's GPU cloud through the creation and dissemination of promotional

and marketing materials, instructional materials, product manuals, and technical materials.

10. Gaikai has also contributed to the infringement by others, including the end users of Gaikai's GPU cloud by selling and offering to sell the use of Gaikai's GPU cloud knowing that this product constitutes a material part of the inventions of the '568 patent, knowing that this product is especially made or adapted to infringe the '568 patent, and knowing that this product is not a staple article or commodity of commerce suitable for substantial non-infringing use.

11. T5 has provided Gaikai written notice of its infringement, and Gaikai also has written notice of its infringement by virtue of the filing and service of this Complaint.

12. As a result of Gaikai's acts of infringement, T5 has suffered and will continue to suffer damages in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, T5 respectfully requests the following relief:

a) A judgment that Gaikai has infringed one or more claims of United States Patent No. 8,203,568;

b) A judgment that United States Patent No. 8,203,568 is valid and enforceable;

c) T5 be awarded damages adequate to compensate T5 for Gaikai's infringement of United States Patent No. 8,203,568 up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate T5 for Gaikai's infringement, an accounting;

d) A judgment that T5 be awarded attorney fees, costs, and expenses incurred in prosecuting this action;

e) A judgment that T5 be awarded such further relief at law or in equity as the Court deems just and proper; and

f) A judgment permanently enjoining Gaikai from further infringement of United States Patent No. 8,203,568.

### DEMAND FOR JURY TRIAL

T5 hereby demands trial by jury on all claims and issues so triable.

Dated: October 5, 2012

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Of Counsel

FEINBERG DAY ALBERTI &
THOMPSON LLP

Margaret Elizabeth Day
Ian N. Feinberg
David L. Alberti
Clayton Thompson
Sal Lim
Yakov Zolotorev
Marc Belloli
401 Florence Street, Suite 200
Palo Alto, CA 94301
Telephone: (650) 618.4360
Facsimile: (650) 618.4368
eday@feinday.com
ifeinberg@feinday.com
dalberti@feinday.com
cthompson@feinday.com
slim@feinday.com
yzolotorev@feinday.com
mbelloli@feinday.com

*Attorneys for Plaintiff*
T5 Labs (Delaware) LLC