## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| T5 LABS (DELAWARE) LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 12-1281 (SLR) (MPT) |
| | ) | |
| GAIKAI INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

### I.    Introduction

Plaintiff, T5 Labs (Delaware) LLC ("T5") brought this action against Gaikai Inc.

("Gaikai"), alleging Gaikai infringed its U.S. Patent No. 8,203,568 ("the '568 patent")

directly, by inducing others to infringe, and by contributory infringement.  T5 seeks

monetary damages, attorney's fees, any available equitable or legal remedies, and to

permanently enjoin Gaikai from continued infringement.[1]

Presently before the court is Gaikai's motion to dismiss[2] T5's complaint, pursuant

to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(6) for failing to state a claim

upon which relief can be granted.

### II.    Jurisdiction and Venue

Pursuant to 28 U.S.C. § 1338(a), this court has original jurisdiction as this matter

---

[1] D.I. 1 at 3-4.
[2] D.I. 14.

relates to patents.

Pursuant to 28 U.S.C. §§ 1391(d) and 1400(b), venue properly exists in this court because T5 and Gaikai are companies organized under the laws of Delaware.

## III.   Parties' Positions

### A.   Gaikai's Position

Gaikai argues T5's complaint fails to state a claim for direct and indirect infringement.  As to direct infringement, Gaikai maintains T5 failed to provide "meaningful notice of which products or services are actually accused of infringement" and failed "to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods.[3]  Gaikai further contends T5 provided "no notice to Gaikai of the alleged infringement" and failed to satisfy Rule 8(a)(2) of the FED. R. CIV. P.[4]

In regard to indirect infringement, Gaikai argues T5 failed to provide any factual support for the inducement allegations, and the complaint is improper under *Twombly* because it only provides "a formulaic recitation of the elements of a cause of action."[5] Gaikai also states T5's indirect infringement claims fail to specify which products or services are infringing, thereby failing to state a claim for inducement of infringement.[6]

Gaikai maintains T5 similarly failed to allege any facts in support of a claim for contributory infringement.[7]   Therefore, Gaikai seeks dismissal of T5's complaint for

---

[3] *Eidos Comms., LLC v. Skype Technologies SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010); D.I. 15 at 4-5.

[4] D.I. 15 at 6.

[5] *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007); D.I. 15 at 7.

[6] D.I. 15 at 8.

[7] *Id.*

direct infringement, inducement of infringement, and contributory infringement.[8]

### B.    T5's Position

T5 counters it properly pled direct infringement by complying with Rule 8(a)(2) and Form 18 of FED. R. CIV. P., and maintains its complaint properly identified the accused product or service.[9]

T5 further maintains it pled sufficient facts for inducement of infringement for at least post-complaint acts of inducement by Gaikai.[10]  Furthermore, T5 argues it pled sufficient facts for contributory infringement for at least post-complaint acts of contributory infringement.[11]  T5 requests Gaikai's motion be denied.[12]

## IV.    Legal Standard

### A.    Motion to Dismiss

In analyzing a motion to dismiss under Rule 12(b)(6), a review of FED. R. CIV. P. 8(a)(2) is necessary.  Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  That standard "does not require 'detailed factual allegations,' but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[13]  Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[14]  The

---

[8] *Id.* at 6, 8-10.
[9] D.I. 17 at 2-3.
[10] *Id.* at 4.
[11] *Id.* at 6.
[12] *Id.* at 4, 6-7.
[13] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)).
[14] *Id.* (citing *Twombly*, 550 U.S. 544, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6).

3

purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.[15] Evaluating a motion to dismiss requires the court to accept as true all material allegations of the complaint.[16] "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[17] A motion to dismiss may be granted only if, after, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[18]

To survive a motion to dismiss under Rule 12(b)(6), however, the factual allegations must be sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[19] A plaintiff is obliged "to provide the 'grounds' of his 'entitle[ment] to relief'" beyond "labels and conclusions."[20] Heightened fact pleading is not required: rather "enough facts to state a claim to relief that is plausible on its face" must be alleged.[21]

The plausibility standard does not rise to a "probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully."[22] Rejected are unsupported allegations, "bald assertions," or "legal conclusions."[23] Further, "the tenet

---

[15] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

[16] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

[17] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted).

[18] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).

[19] *Twombly*, 550 U.S. at 555; *See also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).

[20] *Id.*

[21] *Id.* at 570.

[22] *Iqbal*, 129 S. Ct. at 1949.

[23] *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *See also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light* Co., 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" are insufficient); *Nami v. Fauver*, 82

4

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[24] Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss," which is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25] Thus, well-pled facts which only infer the "mere possibility of misconduct," do not show that "'the pleader is entitled to relief,'" under Rule 8(a)(2).[26] "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."

## B. Direct Infringement

In *McZeal v. Sprint Nextel, Corp.*,[27] the Federal Circuit held that compliance with FED. R. CIV. P. Form 18[28] is sufficient to state a claim of direct infringement. This finding was reiterated in *In re Bill of Lading Trans. & Proc. Sys. Patent Litig.*,[29] where the court stated "to the extent . . . that *Twombly* and its progeny conflict with the Forms and create different pleading requirements, the Forms control."[30] Thus, in order to adequately plead direct infringement the complaint need only recite:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent 'by making, selling and using [the device] embodying the patent'; (4) a statement that the plaintiff has given notice of its infringement; and (5) a

---

F.3d 63, 69 (3d Cir. 1996) (allegations that are "self-evidently false" are not accepted).
[24] *Iqbal*, 129 S. Ct. at 1949; *See also Twombly*, 550 U.S. at 555 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").
[25] *Id.* at 1950.
[26] *Id.*
[27] 501 F.3d 1354, 1356 (Fed. Cir. 2007).
[28] Form 18 is the descendant of Form 16 discussed in *McZeal*. Form 18 became effective December 1, 2007.
[29] 681 F.3d 1323, 1334-35 (Fed. Cir. 2012).
[30] *Id.* at 1334.

demand for an injunction and damages.[31]

## C.   Indirect Infringement

As a precursor to stating a claim for indirect infringement under inducement or

contributory infringement, a plaintiff must "plead facts sufficient to allow an inference

that at least one direct infringer exist."[32]  A plaintiff "need not identify a *specific* direct

infringer."[33]  Once there are facts sufficient to allow an inference of direct infringement,

the court will then look at the individual requirements necessary to plead inducement

and contributory infringement.

### 1.   Inducement

Under 35 U.S.C. § 271(b), "[w]ho ever actively induces infringement of a patent

shall be liable as an infringer."

"Inducement requires 'that the alleged infringer knowingly induced infringement

and possessed specific intent to encourage another's infringement.'"[34]  A plaintiff must

aver "the alleged infringer had 'knowledge that the induced acts constitute patent

infringement.'"[35]  This element inherently requires the alleged infringer have knowledge

of the patent, and "knew or should have know [its] actions would induce actual

infringement."[36]  For inducement, a plaintiff must assert "culpable conduct, directed to

---

[31] *In re Bill of Lading*, 681 F.3d at 1334 (citing *McZeal*, 501 F.3d at 1357).
[32] *Id.* at 1336.
[33] *Id.*
[34] *DSU Medical Corp. v. JMS Co., Ltd*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (quoting *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (quoting *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002) (citations omitted))).
[35] *Pragmatus AV, LLC v. Yahoo!, Inc.*, No. 11-902-LPS-CJB, 2012 WL 6044793, at *13 (D. Del. Nov. 13, 2012) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011)).
[36] *DSU Medical Corp*, 471 F.3d at 1306.

encourage another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."[37]  The culpable conduct may be plead circumstantially.[38]

A court must apply *Twombly* and *Iqbal* in determining whether the requisite knowledge and specific intent have been properly pled.[39]  The "complaint must contain facts 'plausibly showing that [the alleged indirect infringer] specifically intended [the direct infringer] to infringe [the patent] and knew that the [direct infringer's] acts constituted infringement.'"[40]

## 2.    Contributory Infringement

Under 35 U.S.C. § 271(c):

> Whoever offers to sell or sells within the United States or imports into the
> United States a component of a patented machine, manufacture,
> combination or composition, or a material or apparatus for use in
> practicing a patented process, constituting a material part of the invention,
> knowing the same to be especially made or especially adapted for use in
> an infringement of such patent, and not a staple article or commodity of
> commerce suitable for substantial noninfringing use, shall be liable as a
> contributory infringer.

A plaintiff, therefore, must aver an alleged infringer (1) offered to sell, sells, or imports, (2) a material part of an patented invention, (3) knew of the patented invention, (4) knew the part was made for, or adapted to use, in a patented invention, and (5) the part has no substantial noninfringing use.[41]  Similarly with inducement, the court must apply *Twombly* and *Iqbal* to determine whether sufficient facts have been alleged to make a plausible claim for contributory infringement.

---

[37] *Id.*

[38] *Id.* (quoting *Water Tech. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)).

[39] *In re Bill of Lading*, 681 F.3d at 1336-37 (internal citations and footnotes omitted).

[40] *Pragmatus AV*, 2012 WL 6044793, at *14 (citing *In re Bill of Lading*, 681 F.3d at 1339).

[41] *See Walker Digital, LLC v. Facebook, Inc.*, 852. F.Supp. 2d 559, 566 (D. Del. 2012).

With respect to elements (3) and (4), the pleading may use the same knowledge for contributory infringement as under inducement, because the knowledge for inducement is the same knowledge for contributory infringement.[42]  Therefore, when a plaintiff has plead sufficient facts to show knowledge of inducement, sufficient facts to show knowledge of contributory infringement have also been pled.  For element (5), a plaintiff must assert "facts that allow an inference that the [parts] . . . have no substantial non-infringing uses."[43]  A substantial non-infringing use is one that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental."[44]

## V.    Adequacy of T5's Complaint

### A.    Direct Infringement

T5 adequately pleads direct infringement against Gaikai.  T5 has shown the first two requirements for direct infringement by providing sufficient facts for jurisdiction alleging:  this matter involves a patent; Gaikai is a company organized under the laws of the State of Delaware; and the alleged infringing activity occurred and is occurring in this jurisdiction.[45]  For the second element, T5 has represented it is "the exclusive licensee of the '568 patent and is the assignee of all causes of action and enforcement rights of any kind, including without limitation, the right to collect damages for past and future infringement and to seek injunctive relief."[46]

As to the third element, T5 asserts Gaikai infringed the '568 patent by "providing a system and methods of sharing a graphics processing unit (GPU) between a plurality

---

[42] See Global-Tech Appliances, 131 S.Ct. at 2068.
[43] In re Bill of Landing, 681 F.3d at 1338.
[44] Id. (quoting Vita-Mix Corp. V. Basic Holdings, Inc., 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)).
[45] D.I. at 1.
[46] Id. at 2.

8

of programs, *e.g.*, virtualizing multiple instances of game programs on a server with one or more shared GPUs through Gaikai's 'cloud'-based gaming applications and service (also referred to by Gaikai as a 'GPU cloud')."[47]  Contrary to Gaikai's assertion that T5 failed to reference a single infringing product or method, T5 adequately alleges "Gaikai's 'cloud'-based gaming applications and service" or GPU cloud as the infringing method or product.[48]

Though Gaikai insists its "cloud"-based gaming applications or GPU cloud is a "large technology area" not encompassed by the requirements of Rule 8(a)(2) or Form 18,[49] further examination reveals the GPU cloud closely resembles the electric motors example in Form 18 than the amorphous, indeterminate description in *Eidos Comms., LLC v. Skype Technologies, SA.*[50]  T5's description exceeds the very vague description offered only in the background description of the *Eidos* complaint ("'the technology at issue generally involves a communication system that employs products and/or methodologies . . .'"), and surpasses the complaint language of *Eidos* identifying the infringing product or method as "communication system products and/or methodologies that infringe one or more claims,"[51] by identifying Gaikai's GPU cloud as the infringing method, both in the background section and in the language of the complaint.[52]

A cursory examination of the '568 patent, attached to the complaint, also clearly indicates Gaikai's GPU cloud as an infringing method, as only method claims are

---

[47] *Id.*
[48] D.I. 1 at 2.
[49] *Eidos Comms., LLC v. Skype Technologies SA*, 686 F. Supp. 2d 465, 468 (D. Del. 2010).
[50] *Id.*
[51] *Id.* at 466.
[52] D.I. 1 at 2.

present within the '568 patent.[53]  T5's complaint also refers to a system and method,[54] while *Eidos* referred to the more general and indeterminable "products *and/or* methodologies."[55]  The combination of these facts further refutes Gaikai's assertion that T5 failed, to "'target either a product or method' or to 'specify, at a minimum, a general class of products or a general identification of the alleged infringing methods.'"[56]  T5 has therefore provided adequate notice of the allegedly infringing method to Gaikai.

The fourth and fifth elements of direct infringement are also met.  T5 represents it provided Gaikai written notice of infringement.[57]  Lastly, T5 demands both injunctrive relief and damages.[58]  As a result, T5 has sufficiently pled direct infringement, and Gaikai's motion on direct infringement is denied.

## B.   Inducement

Factual support has been pled by T5 for inducement of infringement against Gaikai.  As stated previously, Gaikai had knowledge of the '568 patent on or before October 5, 2012.[59]  To determine whether inducement was properly pled, the court must analyze whether T5 has made a plausible showing Gaikai specifically intended to encourage others to infringe, knowing their conduct to be infringement.  T5 maintains it pled sufficient facts to support its claims of indirect infringement by inducement for at

---

[53] *Id.*, Ex. A.
[54] *Id.* at 2.
[55] *Eidos*, 686 F. Supp. 2d at 467 (emphasis added).
[56] *Id.*; D.I. 15 at 4.
[57] D.I. 1 at 3.
[58] *Id.* at 3-4.
[59] *Id.* at 3.

10

least post-complaint acts of inducement of the '568 patent.[60]

As discussed herein, T5 avers Gaikai provides for use of a GPU cloud.[61]  T5 further alleges Gaikai offers for sale and sells "the use of Gaikai's GPU cloud with the knowledge that its customers and end users will use the Gaikai GPU cloud and with the knowledge and the specific intent to encourage and facilitate the infringing sales and uses of Gaikai's GPU cloud through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials."[62]  Unlike the mere "recitation of bare legal elements of the [inducement] claim, devoid of factual content to support those elements" as alleged by Gaikai in its opening brief,[63] T5's claim points to conduct by Gaikai that infers specific intent to induce infringement of the '568 patent.  T5 notes Gaikai's post-complaint dissemination of marketing and instructional materials as factual evidence of intent to induce infringement.[64]

The facts as alleged present a reasonable inference of Gaikai knowingly and intentionally encouraging others to infringe, namely its customers and end users. Therefore, T5 has a sufficiently pled an inducement claim against Gaikai.

---

[60] D.I. 17 at 2-3; *Execware, LLC v. Staples, Inc.*, No. 11-836-LPS-SRF, 2012 WL 6138340, at *5 (D. Del. Dec. 10, 2012) (holding post-filing date knowledge of the patent alleged to be infringed is sufficient to state a claim for indirect infringement occurring after service of the complaint).

[61] D.I. 1 at 2.

[62] *Id.* at 2-3.

[63] D.I. 15 at 7; *E.I. du Pont de Nemours and Co. v. Heraeus Holding GmbH*, No.11-773-SLR-CJB, 2012 WL 4511258, at *7 (D. Del. Sep. 28, 2012) (indicating the information provided no factual allegations about the nature of the relationship between defendants and their customers or their alleged specific intent to induce); *MONEC Holding AG v. Motorola Mobility,* Inc., No. 11-798-LPS-SRF, 2012 WL 4340653, at *8 (D. Del. Sep. 20, 2012).

[64] D.I. 17 at 4-5;*Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, No.10-63-LPS, 2012 WL 2175788, at *4 (D. Del. June 14, 2012) (finding actual knowledge of patent-in-suit in combination with evidence that defendant advertised use of accused features and provided users with instructions on infringing uses was sufficient to preclude summary judgment regarding intent to induce infringement).

11

## C.   Contributory Infringement

Regarding factual support for its claim of contributory infringement, T5 contends

Gaikai offers to sell, sells, or imports its GPU cloud, which it knew or should have know

as of the filing of the complaint was material to the '568 patent,[65] because Gaikai uses

the GPU cloud to "virtualiz[e] multiple instances of game programs on a server with one

or more shared GPUs."[66]

T5 further alleges the GPU cloud was specially made or adapted for use in the

infringement of the '568 patent, and it has no substantial non-infringing uses.[67]  The

invention of the '568 patent is to "shar[e] a graphics processing unit (GPU) between a

plurality of programs," which is met by the GPU cloud virtualizing "multiple instances of

game programs on a server with one or more shared GPUs.[68]

T5 provides facially plausible claims and adequate notice to Gaikai,[69] which

includes identifying the method or system at issue, Gaikai's GPU cloud, and satifying

the pleading requirements of *Twombly* and *Iqbal*,[70] and thereby has properly pled

contributory infringement.

## VI.   Conclusion

T5's factual allegations in support of its claims of direct infringement, inducement

---

[65] D.I. 17 at 6; *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 at 1336-37 (Fed. Cir. 2012); *Execware, LLC v. Staples, Inc.*, No. 11-836-LPS-SRF, 2012 WL 6138340, at *5 (D. Del. Dec. 10, 2012).

[66] D.I. 1 at 2-3.

[67] *Id.* at 3; D.I. 17 at 6.

[68] D.I. 1 at 2-3.

[69] 35 U.S.C. § 271(c); *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 (D. Del. 2012).

[70] *Aeritas, LLC v. Alaska Air Group, Inc.*, No. 11-967-SLR, 2012 WL 4470386, at *2 (D. Del. Sept. 28, 2012) (finding an identification of an allegedly infringing product, in conjunction with allegations of each element of contributory infringement using that product, is sufficient to satisfy *Twombly* and *Iqbal)*.

to infringe, and contributory infringement satisfy *Twombly*, *Iqbal*, and the requirements of Form 18.  Therefore, Gaikai's motion to dismiss for failure to state a claim should be denied.

## VII.    Order and Recommended Disposition

For the reasons contained herein, this court recommends that:

Gaikai's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted (D.I.14) be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen days after being served with a copy of this Report and Recommendation.[71]  The objections and response to the objections are limited to ten pages each.

The parties are directed to the Court's standing Order in Non *Pro Se* matters for Objections Filed under FED. R. CIV. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.


Date: April 5, 2012                          /s/ Mary Pat Thynge
                                             UNITED STATES MAGISTRATE JUDGE

---

[71] FED. R. CIV. P. 72(b)(2).

13